## OWSLEY & MARTIN *v.* LESLIE & BOTTS.

**Vendor and Purchaser—Action on Purchase-Money Note—Receiver.**

Where in a suit on purchase-money notes for real estate, the parties agree that the receiver might be appointed to take charge of the property and rent it and take a bond therefor payable to the receiver, and apply the rents on the indebtedness, the defendants should not be allowed to assert an equity as against assignees of the bond so as to prevent recovery by them.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

January 26, 1874.

OPINION BY JUDGE PETERS:

W. F. Owsley sued Rogers, Scoville and Crandall on two notes of three thousand dollars each, the unpaid purchase money for real estate in the town of Burksville, and sought to subject the real estate sold by him to them to the payment of his debts.

During the progress of that suit the following order was made therein: "The plaintiffs also produced and filed the affidavits of James M. Boles and others, and made motion to have a receiver to take charge of the property in controversy; said motion being considered by the court, it was ordered that the same be warranted; and thereupon, by agreement of the parties, the court appointed J. H. C. Sandige to take charge, and rent the property as the receiver, and may pay over proceeds to defendants."

30

This order was made on the 24th of Dec., 1868, and on the 28th day of the same month an order to the following effect was made in the case: "The plaintiff moved the court to appoint a receiver herein, and upon evidence and agreement of counsel, it is ordered that J. H. C. Sandige be, and he is hereby appointed a receiver herein, to take charge of and let out the house and lots in controversy; and it is agreed by the parties that the receiver is not to execute any bond; he will rent out the property for one year from the 1st of January next, and take from the renter bond with good surety, payable to himself for the use of the defendants, Scoville and Rogers' heirs," etc.

The receiver rented the property to appellant, Martin, who executed a bond with Sampson Wright as his surety, payable to the receiver for the use and benefit of the defendants, Scoville and Rogers' heirs, as directed in the order, and the court approved his action in the premises. Very soon after the property was rented and the bond taken, Scoville, as the surviving partner of Scoville and Rogers, assigned it to Sandige and Allen, and they assigned the one-half thereof to Leslie and Botts.

After the maturity of the bond the holders thereof brought suit on it, and Martin, the principal, pleaded by way of set-off that he was the party in fact interested in the suit of *Owsley v. Scoville & Rogers,* that the debts for which they were sued in the name of Owsley were his, Owsley only having a lien on a part of them to secure him in a debt which Martin owed him; and he alleged that the property which he was seeking to subject to pay his debt was wholly insufficient to satisfy the same; that Scoville, Rogers and Crandall were insolvent; that Rogers was dead and the other two were non-residents; and he prayed to be allowed to off-set as much of the debt as they owed him as would be sufficient to extinguish the bond he had executed to the receiver for the rent.

In their reply appellees substantially admit that appellant was the holder of the debt from Scoville and others; that they were insolvent; and that the property would not sell for the amount of the indebtedness. But they insist that by the agreement of appellant the obligation for the rent should be made payable to Scoville and others; that he had waived his equitable right to the set-off, and should not be allowed to assert it against innocent holders of the bond for value. The court below rendered judgment for the assignees of the bond, and Martin has appealed.

There can be no question that if the payees in the bond were indebted to Martin, the obligor, before he has notice of the assignment, he would have had the right to avail himself of such indebtedness as a set-off even against the assignees of the bond, if he had done no act by which he has impaired or destroyed that right. In the suit which was being prosecuted to coerce the payment of the very debt he now seeks to off-set, he agreed that the property should be rented out for the benefit of his debtors; that the bond should be made payable to the receiver for their use, and being himself the renter, executed the bond so as to comply with the consent order and to invest Scoville, etc., with the right to the money.

A party desiring to buy the bond would naturally look for the authority of Sandige to take the bond payable to himself for the use and benefit of Scoville and others; and finding that he had acted under the order of the court and by the agreement of the parties, he would conclude, and would have a right to conclude that the plaintiffs in the suit made no claim to the rent; and he might with safety invest in the purchase of the bond.

It seems to us that the consent of appellant that the note should should be taken as it was, operated as an inducement to others to buy; and he should not be allowed to assert an equity to overrule the right of appellees as assignees, and defeat the recovery by them. Wherefore the judgment is affirmed.

*Winfrey, for appellants.*

*Leslie, Botts, for appellees.*